1

2

3

4

5

6

7

8

9

10

11

12

13

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

CINDA CHRISTINE CULZEAN,

               Plaintiff,

     v.

CAROLYN W COLVIN, Acting
Commissioner of Social Security,

               Defendant.

CASE NO. 2:15-CV-01911-MJP-DWC

REPORT AND RECOMMENDATION

Noting Date: August 12, 2016

14

15

16

17

18

19

20

21

22

23

24

       The District Court has referred this action, filed pursuant to 42 U.S.C. § 405(g), to United States Magistrate Judge David W. Christel. Plaintiff filed this matter seeking judicial review of Defendant's denial of her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").

       After considering the record, the Court concludes the ALJ erred in finding Plaintiff's lumbar degenerative disc disease was not a severe impairment at Step Two.  The ALJ failed to properly consider this severe impairment when determining Plaintiff's residual functional capacity and therefore the error at Step Two is harmful. Accordingly, this matter should be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting

1  Commissioner of Social Security ("Commissioner") for further proceedings consistent with this

2  Report and Recommendation.

3                            FACTUAL AND PROCEDURAL HISTORY

4          In January 2010, Plaintiff filed applications for DIB and SSI, alleging disability as of July

5  14, 2009. *See* Dkt. 10, Administrative Record ("AR") 478 (filing application for DIB and SSI on

6  January 6, 2010 and January 13, 2010 respectively). The applications were denied upon initial

7  administrative review and on reconsideration. *See* AR 75-78, 478. On December 7, 2011, ALJ

8  Larry Kennedy found Plaintiff not disabled. *See* AR 12-24. The Appeals Council denied

9  Plaintiff's administrative appeal, making the ALJ's opinion the final decision of the

10  Commissioner. *See* AR 1-3, 20 C.F.R. § 404.981, § 416.1481. Plaintiff appealed to the United

11  States District Court for the Western District of Washington, which remanded the case for

12  further proceedings. *See* AR 556-80; *Seward-Jones v. Astrue*, 2:12-CV-519-RSL-JPD, 2013 WL

13  441067 (W.D. Wash. Feb. 5, 2013).[1]

14          On remand, Plaintiff received a second hearing before ALJ Kennedy. AR 500-28.

15  Plaintiff was again found not disabled on July 3, 2014. *See* AR 478-494. Plaintiff's request for

16  review of the ALJ's July 2014 decision was denied by the Appeals Council, making the decision

17  the final decision of the Commissioner. *See* AR 458-461; 20 C.F.R. § 404.981, § 416.1481.

18  Plaintiff now appeals the ALJ's July 2014 decision.[2]

19          In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by improperly: (1)

20  assessing Plaintiff's severe physical impairments at Step Two; (2) rejecting the opinion of

21  Advance Registered Nurse Practitioner (ARNP) Anne Slater; (3) rejecting Plaintiff's subjective

22  _____

23          [1] Plaintiff finalized her divorce while her applications were pending. *See* AR 516. Her married name was
      Seward-Jones. *Id.*
          [2] When stating "the ALJ's decision" throughout this Report and Recommendation, the Court is referring to

24  the July 2014 decision.

1   statements concerning her symptoms; and (4) assessing Plaintiff's physical residual functional

2   capacity ("RFC"). Dkt. 12, p. 1.

3                               STANDARD OF REVIEW

4           Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

5   social security benefits if the ALJ's findings are based on legal error or not supported by

6   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

7   Cir. 2005) (*citing Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

8                                    DISCUSSION

9   **I.      Whether the ALJ erred by finding Plaintiff's lumber degenerative disc disease[3]
            and hand pain did not constitute severe impairments at Step Two.**

10          Plaintiff asserts the ALJ erred in failing to find Plaintiff's lumbar back pain and hand

11  limitations were severe impairments at Step Two. Dkt. 12, 17. Step Two of the administration's

12  evaluation process requires the ALJ to determine whether the claimant "has a medically severe

13  impairment or combination of impairments." *Smolen v. Chater*, 80 F.3d 1273, 1290 (9th Cir.

14  1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii) (1996). An

15  impairment is "not severe" if it does not "significantly limit" the ability to conduct basic work

16  activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). "Basic work activities are 'abilities and

17  aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting,

18  pushing, pulling, reaching, carrying or handling.'" *Smolen*, 80 F.3d at 1290 (*quoting* 20 C.F.R.

19  §140.1521(b)). "An impairment or combination of impairments can be found 'not severe' only if

20

21  _____

22          [3] Plaintiff was diagnosed with lumbar degenerative disc disease and back pain by the same treatment
    providers. In his decision, the ALJ references only Plaintiff's lumbar pain, and does not discuss Plaintiff's lumbar

23  degenerative disc disease. In examining whether the ALJ erred in failing to consider Plaintiff's lumbar degenerative
    disc disease as a severe impairment, the Court reviewed the ALJ's decision regarding Plaintiff's lumbar pain. The
    Court uses the term "lumbar pain" when discussing the ALJ's findings as this is the terminology used by the ALJ;

24  however, the impairment at issue is Plaintiff's lumbar degenerative disc disease, which causes pain.

1  the evidence establishes a slight abnormality having 'no more than a minimal effect on an

2  individual[']s ability to work.'" *Id.* (*quoting Yuckert v. Bowen*, 841 F.2d 303, 306 (9th Cir. 1988)

3  (*adopting* Social Security Ruling "SSR" 85-28)).

4        A.  Lumbar Degenerative Disc Disease

5        At Step Two, the ALJ found Plaintiff's lower back pain was not a severe impairment. AR

6  482. The ALJ stated:

> Although imaging revealed degenerative changes in the lumbar spine, the
> claimant made only intermittent complaints of back pain. Providers consistently
> recorded unremarkable findings, including negative straight leg raise tests and
> normal gait, strength, and reflexes. Although some examinations indicated
> reduced range of motion in the lumbar spine, these are based on the claimant's
> report of pain, which is not entirely credible for the reasons discussed in this
> decision. Moreover, other examinations showed normal range of motion in the
> lumbar spine.

AR 482 (internal citations and footnote omitted).

        The record contains imaging of Plaintiff's lumbar spine, which shows moderately

advanced disc space narrowing of L5-S1, mild disc space narrowing of L2-3, and degenerative

dextro rotoscoliosis measuring nine degrees centered at L3. AR 685. Radiologist Dr. Gregery

Kienzle reviewed the imaging results and concluded Plaintiff has degenerative changes. AR 685.

Plaintiff was treated at Interfaith Community Health Center, where she repeatedly complained of

lumbar back pain and was diagnosed with back pain, lumbar, chronic. *See* AR 683, 691-92, 701,

708. On November 13, 2013, Interfaith Community Health Center providers Dr. Barbara Clure,

M.D. and Ms. Anne Slater, ARNP provided a physical function evaluation. AR 677-81. The two

providers diagnosed Plaintiff with lumbar and cervical degenerative disc disease. AR 678. They

opined the lumbar degenerative disc disease causes moderate limitations in Plaintiff's ability to

sit, stand, lift, carry, handle, pull, and reach. AR 678. They found Plaintiff is limited to sedentary

work as a result of her impairments. AR 679. Plaintiff also underwent physical therapy for her lower back pain. *See* AR 840-47.

The ALJ found Plaintiff's lumbar pain was "not severe" because providers consistently recorded unremarkable findings and most of the examinations that noted limited range of motion were based on Plaintiff's self-reports of pain. AR 482. The ALJ failed to discuss Plaintiff's diagnosed impairment of lumbar degenerative disc disease and failed to consider the functional limitations caused by this impairment. *See* AR 482. The failure to consider evidence of a diagnosis and limitations is error. *See Flores v. Shalala*, 49 F.3d 562, 570-71 (9th Cir. 1995) (an ALJ "may not reject significant probative evidence without explanation"). The Court also notes the ALJ's decision finding Plaintiff's lower back pain was not a severe impairment because examination notes were based on Plaintiff's subjective complaints is improper. *See Smolen*, 80 F.3d at 1290 (an ALJ "is required to consider the claimant's subjective symptoms, such as pain or fatigue, in determining severity" at Step Two).

Plaintiff was diagnosed with lumbar degenerative disc disease by an acceptable medical source. *See* AR 678. Plaintiff's lumbar degenerative disc disease causes functional limitations which impact her ability to perform basic work activities. AR 678. Therefore, the Court concludes Plaintiff's lumbar degenerative disc disease is a severe impairment. The ALJ failed to discuss Plaintiff's lumber degenerative disc disease, including significant, probative evidence showing Plaintiff's lumbar degenerative disc disease is a medically determinable impairment which causes functional limitations. Accordingly, the ALJ erred in determining Plaintiff's lumbar degenerative disc disease is not a severe impairment at Step Two.

Defendant argues, even if the ALJ erred at Step Two, Plaintiff failed to show the error was harmful. Dkt. 16, pp. 4-5. "[H]armless error principles apply in the Social Security context."

1   *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it

2   is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability

3   determination." *Stout v. Commissioner, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir.

4   2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless

5   requires a "case-specific application of judgment" by the reviewing court, based on an

6   examination of the record made "'without regard to errors' that do not affect the parties'

7   'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (*quoting Shinseki v. Sanders*, 556 U.S. 396,

8   407 (2009) (quoting 28 U.S.C. § 2111)). If the ALJ accounts for all Plaintiff's limitations in

9   assessing the RFC, the Step Two error is harmless. *See Lewis v. Astrue*, 498 F.3d 909, 911 (9th

10  Cir. 2007).

11          While the ALJ mentions lumbar pain in subsequent portions of his decision, he does not

12  discuss Plaintiff's lumbar degenerative disc disease. A review of the record shows the RFC

13  assessment may have changed had the ALJ properly considered Plaintiff's lumbar degenerative

14  disc disease at Step Two. For example, Dr. Clure and Ms. Slater found Plaintiff is limited to

15  sedentary work as a result of degenerative disc disease of the lumbar and cervical spine. *See* AR

16  677-79. The ALJ gave no weight to the opinion of Dr. Clure and Ms. Slater[4] and, in the RFC,

17  found Plaintiff was capable of performing medium work. AR 484, 488-89. Dr. Clure and Ms.

18  Slater also opined to additional limitations as a result of Plaintiff's lumbar degenerative disc

19  disease, which were not included in the RFC. *See* AR 484, 678. If the ALJ properly found

20  Plaintiff's lumbar degenerative disc disease was a medically determinable severe impairment, the

21  opinion evidence of Dr. Clure and Ms. Slater may have been given additional weight and

22

23  ───────────────

24          [4] The ALJ gave no weight to Ms. Slater's opinion and did not reference that treating physician, Dr. Clure,
    also opined to the limitations. *See* AR 488.

1  additional limitations, such as the ability to only perform sedentary work, may have been

2  included in the RFC.

3       Additionally, the ALJ found Plaintiff's subjective complaints of pain were not entirely

4  credible and discredited medical providers because the ALJ found Plaintiff not credible. AR 482,

5  485-490. The ALJ mentioned Plaintiff's complaints of back pain, but did not consider this to be a

6  severe impairment. If Plaintiff's lumbar degenerative disc disease had been properly considered,

7  the ALJ may have given more weight to Plaintiff's testimony regarding her pain and ability to

8  function, which may have impacted the RFC determination.

9       The Court concludes the RFC assessment and hypothetical question posed to the

10 vocational expert, Roni Lenore, may have included additional limitations had the ALJ properly

11 considered Plaintiff's lumbar degenerative disc disease at Step Two. As the ALJ's failure to

12 properly consider this impairment at Step Two and throughout the remaining sequential

13 evaluation process impacts the ultimate disability decision, it is not harmless.

14       B.  Hand Pain

15       The ALJ also found Plaintiff's hand pain was not a severe impairment at Step Two. AR

16 481. The ALJ stated:

17       In my prior decision, I did not find that irritable bowel syndrome and hand pain
         constituted severe impairments. Despite the claimant's argument to the contrary,
18       the District Court did not find I was in error. The new evidence likewise does not
         indicate that irritable bowel syndrome or hand pain are severe impairments. The
19       claimant made few complaints regarding irritable bowel syndrome or hand pain.
         Moreover, providers did not indicate clinical findings indicative of significant
20       functional limitations.

21 AR 481 (internal citations omitted).

22       The record indicates Plaintiff suffered from pain, weakness, and loss of sensation in her

23 hands. *See* AR 421, 428, 844. Plaintiff has not cited to a medical diagnosis of hand pain and

24

1  appears to suffer from hand pain as a result of her severe impairment of lumbar degenerative disc

2  disease. *See* AR 678 (lumbar degenerative disc disease limits Plaintiff's ability to handle), 844

3  (treatment notes for lower back pain show paresthesias and/or numbness in Plaintiff's hand). As

4  there is no medical diagnosis of hand pain, Plaintiff has failed to show her hand pain is a severe

5  impairment. *See Belknap v. Astrue*, 364 Fed. Appx. 353, 354 (9th Cir. 2010) (finding migraines

6  were not a medically determinable impairment because the record did not contain a medical

7  diagnosis from an acceptable medical source).

8        The ALJ did, however, fail to find Plaintiff's lumbar degenerative disc disease to be a

9  severe impairment and did not include any handling limitations in the RFC. *See* AR 482-84. As

10  the ALJ did not find Plaintiff's lumbar degenerative disc disease to be a severe impairment, it is

11  unclear if he properly considered the symptoms and limitations (including hand limitations)

12  related to this severe impairment in determining Plaintiff's RFC. On remand, the ALJ must

13  properly consider all limitations caused by Plaintiff's lumbar degenerative disc disease, including

14  Plaintiff's hand limitations, during each step of the sequential evaluation process.

15  **II.    Whether the ALJ erred by giving no weight to a medical source opinion, finding
16  Plaintiff's testimony not credible, and in assessing Plaintiff's residual functional capacity.**

17        The ALJ's error at Step Two requires remand to the administration to properly consider

18  Plaintiff's lumbar degenerative disc disease as a medically determinable severe impairment and

19  to reconsider each of the remaining steps in the sequential evaluation process in light of

20  Plaintiff's lumbar degenerative disc disease and the work limitations possibly caused by this

21  impairment. As the ALJ's error at Step Two impacts all aspects of the ALJ's decision, the ALJ is

1  instructed to re-evaluate this entire matter on remand. Thus, it is unnecessary to address the other

2  issues raised in Plaintiff's appeal.[5]

3                                              CONCLUSION

4          Based on the above stated reasons and the relevant record, the undersigned recommends

5  this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the

6  Acting Commissioner for further proceedings consistent with this opinion. The undersigned also

7  recommends judgment be entered for Plaintiff and the case be closed.

8          Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

9  fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

10  6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

11  review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

12  imposed by Rule 72(b), the clerk is directed to set the matter for consideration on August 12,

13  2016, as noted in the caption.

14          Dated this 26th day of July, 2016.

15

16          _____
            David W. Christel

17          United States Magistrate Judge

18

19

20

21  _____

22      [5] The Court specifically notes the ALJ must re-evaluate the joint opinion submitted by Dr. Clure and Ms.
    Slater. First, the ALJ did not recognize the opinion was submitted by a treating physician. *See* AR 488. Second, the
    ALJ gave no weight to the opinion because it was based on Plaintiff's subjective reports. AR 489. However, the
23  opinion is based, in part, on objective medical evidence, including imaging and physical evaluations. *See* AR
    877-81. Third, the ALJ failed to specify the objective findings and daily activities which are inconsistent with the
24  opinion. AR 489. Therefore, the ALJ erred when he gave no weight to the opinion of Dr. Clure and Ms. Slater.

REPORT AND RECOMMENDATION - 9